# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 1:08-CV-247 |
| | ) |
| ROBERT ROSS, Judge, Allen | ) |
| Superior Court, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on the plaintiff's complaint and his petition to proceed *in forma pauperis.* For the reasons set forth below, pursuant to 28 U.S.C. §1915(e)(2), the court **DENIES** the plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** this case.

BACKGROUND

Martin alleges in his complaint that on October 20, 2008, he appeared before Allen Superior Court Judge Robert Ross who was presiding over a criminal prosecution against him.[1] Defendant Robert Gevers is the Deputy Prosecutor who presented the State's case. Martin seeks damages from the defendants in the amount of $20,000.00 and wants the court to expunge his traffic record.

---

[1] Martin brought similar claims against Judge Ross in *Martin v. Ross, et al*, 1:08cv199 TS concerning an appearance in front of Judge Ross earlier this year.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meitless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

Matin alleges that Judge Ross showed "unprofessional bias" and "vindictive demeanor" against him, and "forced [him] to a criminal trial set in front of Mr. Ross" in violation of several provisions of the Indiana Rules of Court. (Complaint at p. 2). Martin alleges that when he complained that Judge Ross was violating trial rules "the plaintiff was told to shut up & was" slurred. (Complaint at p. 2). Martin asserts that in addition to violating Indiana Rules of Court, Judge Ross and Mr. Givers also violated rights protected by the Indiana Constitution, and several amendments to the United States Constitution.

The plaintiff brings this action pursuant to Section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To

2

state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Martin's allegations that the defendants violated provisions of the Indiana Constitution and Trial Rules states no claim upon which relief can be granted pursuant to § 1983.

Judge Ross is entitled to absolute judicial immunity against Martin's federal damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990). Judge Ross had the jurisdiction to preside over Martin's criminal case. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Ross is entitled to judicial immunity against Martin's damage claims.

Martin also asks the court to expunge his traffic court record. But the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with state criminal proceedings in deference to principles of equity, comity, and federalism. *Moore v. Sims*, 442 U.S. 415 (1979). If Martin wishes to have a court review a decision made by Judge Ross in a state criminal case, he needs to appeal Judge Ross's decision to the Indiana Court of Appeals.

Martin alleges that Deputy Prosecutor Robert Gevers ("Gevers") "allowed an unprofessional [police] officer [to] testify, knowing that it wasn't the complete truth and entered into a 'court of law' altered and untrue statements." (Complaint at p. 3). Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Martin complains of constitutes conduct intimately associated with the

4

judicial phase of the criminal process. Accordingly, Gevers is entitled to prosecutorial immunity.

CONCLUSION

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and **DISMISSES** this cause of action.

**DATED: October 30, 2008**     **/S/RUDY LOZANO, Judge**
                                    **United States District Court**